**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| | § | **CASE NO. 6:22-CR-00058-JDK-KNM-1** |
| **v.** | § | |
| | § | |
| | § | |
| **KEAMBER MERSADISE ROACH,** | § | |
| | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On July 2, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Keamber Mersadise Roach. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Prohibited Person in Possession of Firearms, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of III, was 46 to 57 months. On March 9, 2023, U.S. District Judge Jeremy D. Kernodle of the Eastern District of Texas sentenced Defendant to 54 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure for monitoring employment and substance abuse testing and treatment. On June 4, 2025, Defendant completed her period of imprisonment and began service of her supervision term in the Eastern District of Texas, Tyler Division. On July 22, 2025, the conditions of Defendant's supervision were modified to include mental health treatment.

1

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated her conditions of supervised release on or about June 12, 2025; June 27, 2025; July 11, 2025; July 30, 2025; August 6, 2025; August 14, 2025; August 25, 2025; September 11, 2025; and September 19, 2025 when Defendant submitted to a drug test and provided a urine specimen that tested positive for marijuana. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing marijuana, as evidenced by Defendant's positive drug tests, Defendant will be in violation of Texas Health and Safety Code § 481.121 and will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke supervised release. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade C violation of the condition prohibiting Defendant from any unlawful use of a controlled substance asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 7 months with a 1-year term of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted and that she be imprisoned for 7 months with a 1-year term of supervised release to follow. The court further **RECOMMENDS** that Defendant serve her sentence at FMC Carswell,

TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 6th day of July, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE